UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DARYLE LEWIS,                         )
                                      )
            Petitioner,               )
v.                                    )   No. 1:07-cv-767-DFH-WTL
                                      )
SUPERINTENDENT, Correctional          )
 Industrial Complex,                  )
                                      )
            Respondent.               )

**Entry Discussing Motion for Relief from Judgment**

    All motions that substantively challenge the judgment filed within 10 business days of the entry of judgment will be treated as based on Rule 59(e), "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992). The post-judgment motion of petitioner Lewis seeks substantive relief from the disposition in this action and was filed within 10 working days from the entry of judgment on the clerk's docket on June 26, 2007. The post-judgment motion, therefore, though labeled as a motion for relief from judgment pursuant to Rule 60(b)(6) of the *Federal Rules of Civil Procedure*, must be treated as a motion to alter or amend judgment pursuant to Rule 59(e).

    Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

    The petitioner disagrees with the legal analysis which explained why he must first exhaust available remedies in the Indiana state courts before seeking federal habeas corpus relief and why the present action was therefore properly dismissed pursuant to Rule

4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* He does not rely on newly discovered evidence or on an intervening change in the law, and his suggestion that the court erred in its analysis as to the availability of a remedy in the Indiana courts is unpersuasive. Based on these circumstances, therefore, the petitioner's post-judgment motion, treated as a motion to alter or amend judgment pursuant to Rule 59(e), is **denied.**

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date: 7/31/2007

Distribution:

Daryle Lewis
DOC # 951769
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN   46168